UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| **SHERRY COPPET** | ) | |
| 4504 Captain Duval Dr. | ) | |
| Upper Marlboro, MD 20772 | ) | |
| | ) | Civil Action No. |
|        Plaintiff, | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| **DISTRICT OF COLUMBIA** | ) | |
| A Municipal Corporation, | ) | |
| John A. Wilson Building | ) | |
| 1350 Pennsylvania Avenue, N.W. | ) | |
| Washington, D.C. 20004 | ) | |
| | ) | |
| Serve:  Mayor Vincent Gray | ) | |
|       1350 Pennsylvania Ave., N.W. | ) | |
|       Suite 316 | ) | |
|       Washington, D.C.  20004 | ) | |
| | ) | |
|       Office of the Attorney General | ) | |
|       441 4th Street, N.W. | ) | |
|       Suite 600 S | ) | |
|       Washington, D.C.  20001 | ) | |
| | ) | |
|        Defendant. | ) | |

_____)

## COMPLAINT

COMES NOW, Plaintiff, by counsel, and complains of defendant as follows:

## THE PARTIES

1. Plaintiff Sherry Coppet resides at 4504 Captain Duval Dr., Upper Marlboro, MD 20772.

2. Defendant District of Columbia ("D.C. Courts") is a municipal entity.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction under 28 U.S.C. § 1331.

4. Venue is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred in the District of Columbia.

### NOTICE

5. Pursuant to D.C. Code § 12-309, Plaintiff has provided timely notice of her claim to the District of Columbia.

### FACTS

6. Plaintiff Sherry Coppet was formerly employed by Defendant from December 1990 until her employment was terminated on October 25, 2012.

7. During the relevant time period, Plaintiff was employed as Branch Chief, District of Columbia Superior Court, Family Court Operations Division, Paternity and Child Support Branch.

8. On April 20, 2011, an employee in the Paternity and Support Division under Plaintiff's supervision filed a false complaint alleging that Plaintiff and another manager had subjected her to disability discrimination and had harassed and bullied her.

9. As a result, on September 21, 2011, Plaintiff was reassigned to the position of Fathering Court Coordinator in the Family Court Operations Division until further notice effective October 3, 2011.

10. On August 27, 2012, Dianne King, Director of Family Court Operations, issued Plaintiff a Notice of Intent to Recommend Suspension and Relief of Management Responsibilities based on allegations of bullying and harassment that arose in connection with the investigation of the discrimination complaint.

11. Upon information and belief, Ms. King consulted with and was instructed to take disciplinary action against Plaintiff by Duane Delaney, Clerk of the Court and Anne Wicks, Executive Officer.

12. On September 18, 2012, Plaintiff responded in writing to the Notice of Intent to Recommend Suspension and Relief of Management Duties.

13. On October 4, 2012, Mr. Delaney issued Plaintiff a notice of proposed termination pursuant to Personnel Policy 1005 as a result of allegations she engaged in misconduct including bullying, intimidation, and subjecting employees to a hostile work environment

14. On October 19, 2012, Plaintiff responded in writing to her proposed termination.

15. On October 24, 2012, Plaintiff received a final decision by Mr. Delaney terminating her employment effective as of the close of business on October 25, 2012.

16. On November 8, 2012, Plaintiff appealed her termination to Anne Wicks, Executive Officer under Personnel Policy 1007 and requested a hearing before a hearing officer.

17. On January 23, 2013 and January 24, 2013, a hearing was held before Lois Hochhauser, Esq., hearing officer, during which the parties presented documentary and testimonial evidence.

18. Under D.C. Personnel Policy 1007, the hearing officer's decision constitutes a recommendation and it is the Executive Officer of the D.C. Courts who makes the final decision after consideration of the hearing officer's recommendation.

19. On June 24, 2013, the hearing officer issued a detailed 29 page Report and Recommendation finding that the D.C. Courts failed to meet its burden of proof in demonstrating that Plaintiff engaged in misconduct and recommended that Plaintiff be reinstated to her position as Branch Chief with backpay and benefits.

20. On July 16, 2013, Ms. Wicks issued a final decision under D.C. Personnel Policy 1007(J) reinstating Plaintiff not to her former position as Branch Chief, but rather at the highest non-supervisory position available and suitable for her.

21. As Branch Chief, Plaintiff was previously employed at a Grade 13, Step 5 and earned an annual salary of $100,904 and supervising approximately 24 employees.

22. On September 9, 2013, Plaintiff returned to work and was demoted two pay grades to Quality Review Specialist in the Civil Division at a Grade 11, Step 10, earning an annual salary of $19,000 less than she had earned as Branch chief.

23. D.C. Courts Personnel Policy No. 120 states, "all nonjudicial personnel employed by the District of Columbia Courts, unless specifically appointed as excepted service employees, are considered career service employees."

24. Plaintiff was a career service employee who could only be removed for cause after adequate notice and opportunity to respond in accordance with D.C. Personnel Policies.

25. As a career conditional employee Plaintiff held a protected property interest in her job and could not be removed from service without receiving due process.

26. The post-termination procedures violated Plaintiff's due process right to an impartial and unbiased hearing before a neutral decision maker because, among other things, Ms. Wicks, the actual decision maker, was biased because she was involved in the determination that Plaintiff be terminated.

### COUNT 1
### VIOLATION OF FIFTH AMENDMENT PROPERTY INTEREST
### 42 U.S.C. § 1983

27. Plaintiff repeats and realleges paragraphs 1-26 as if fully set forth herein.

28. Plaintiff had a property interest in her employment.

29. As a result of her property interest, Plaintiff had a right to procedural due process and could not be removed without receiving due process.

30. Plaintiff was denied due process at her post-termination hearing when, among other things, Ms. Wicks was permitted to serve as the actual decision maker, after advising and being consulted with respect to Plaintiff's termination which created an intolerable risk of unfairness.

## JURY DEMAND

Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant on Count 1 and $300,000 in damages or such other amount as determined by a jury at trial, for compensatory damages for pain and suffering, mental anguish, and emotional distress, plus lost wages and benefits, reinstatement, interest, costs, the amount of tax on any award, and reasonable attorney's fees.


Date:  February 28, 2014                    Respectfully submitted,

                                            _____/s/_____
                                            Alan Lescht, DC Bar # 441691
                                            Susan L. Kruger, DC Bar # 414566
                                            Rani Rolston, DC Bar # 974052
                                            Constance Travanty, (#1007223)
                                            Alan Lescht & Associates. PC
                                            1050 17th St., NW, Suite 400
                                            Washington, D.C. 20036
                                            Tel (202) 463-6036
                                            Fax (202) 463-6067
                                            Attorneys for Plaintiff